**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

KAREN HELEN MARIN HERNANDEZ in representation of Sandro Gonzalez-Dominguez

**Petitioners**

v.

GARRET J. RIPA is Miami Field Office Director for U.S. Immigration and Customs Enforcement, overseen Puerto Rico's Immigration and Removal Operations, ICE Office in GSA Guaynabo Detention Facility; DAVID VENTURELLA in his official capacity, Acting Director for U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Dept. Homeland Security; TODD BLANCHE, United States Attorney General; HECTOR RAMIREZ CARBÓ, Acting US District Attorney for the District of Puerto Rico; CARMEN FIGUEROA, PR Field Office Director for Enforcement and Removal Office, US Immigration and Customs Enforcement; all in their official capacities

**Respondents**

**CIVIL NO.** 26-1624 (RAM)

**AMENDED OPINION AND ORDER**

Pending before the Court is Petitioner Sandro Gonzalez-Dominguez's ("Petitioner" or "Mr. Gonzalez-Dominguez") *Petition for Writ of Habeas Corpus ("Petition")* (Docket No. 1), *Emergency Motion Prohibiting the Transfer of Petitioner from Puerto Rico to Another Jurisdiction ("Emergency Motion")* (Docket No. 3), and *Emergency Motion for Temporary Restraining Order and Preliminary*

*Injunction ("Motion for TRO")* (Docket No. 4). For the reasons outlined below, the *Motion for TRO* is **GRANTED**.

## I. BACKGROUND

On September 28, 2026, Petitioner filed his pending *Motion for TRO* and *Emergency Motion*. (Docket Nos. 3 and 4). Petitioner seeks to preserve the status quo pending resolution of his *Petition* filed the same day. (Docket Nos. 1 and 4).

In his *Petition*, Mr. Gonzalez-Dominguez alleges that: (1) he is a national and citizen of Mexico; (2) on approximately October 15, 1997, he entered the United States without undergoing proper admission procedures; (3) on August 8, 2000, his daughter, Alondra Gonzalez, a United States citizen, was born in Chicago, Illinois; (4) on December 8, 2006, his other daughter, Izel Nayeli Gonzalez-Davila, a United States citizen, was born in San Juan, Puerto Rico; and (5) he has resided in the United States for twenty-nine years. (Docket No. 1 at 5). On September 26, 2026, Petitioner was detained by law-enforcement agents in the interior of Puerto Rico. Id. at 6. Petitioner is currently in the physical custody of Respondents at the Guaynabo Detention Facility. Id. at 4.

Petitioner avers that he is entitled to an Immigration and Nationality Act (INA) § 236 bond hearing before an immigration judge under the laws of the United States Constitution and First Circuit precedent in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). Id. at 12. Petitioner requests that this Court prohibit

Respondents from transferring him from the detention center in Guaynabo, Puerto Rico outside of the District of Puerto Rico. Id. at 12-13. Petitioner further contends that his detention is a violation of his constitutional rights to due process and is not justified under the INA. Id. at 10-11.

In his *Emergency Motion*, Petitioner reiterates that absent judicial intervention, he faces imminent transfer outside of the District of Puerto Rico that would cause irreparable harm by severely interfering with his right to counsel. (Docket No. 3 at 5). Accordingly, Petitioner again asks that the Court enter an Order prohibiting Respondents from transferring or relocating him outside the District of Puerto Rico and requiring that Respondents afford him a bond hearing within 10 days of entry of the Court's order. Id. at 4, 7.

## II. DISCUSSION

### A. Applicable law governing injunctive relief

When evaluating a request for a temporary restraining order, courts must consider the same four factors that apply to a motion for preliminary injunction, namely: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the request is denied; (3) the balance of hardships; and (4) whether the TRO is in the public interest. *See* Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 161-162 (1st Cir. 2004) ("We hold that the traditional four-part preliminary injunction

standard applies in full flower to motions brought under Rule 65 in hopes of securing prejudgment freeze orders.”).

Furthermore, courts may issue a temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant’s attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). It has long been established that under federal law, ex parte temporary restraining orders “**should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.**” Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974) (emphasis added). Therefore, “[t]emporary restraining orders ‘must be used sparingly and only in cases where the need for extraordinary equitable relief is clear and plain.’” Ginzburg v. Martinez-Davila, 368 F. Supp. 3d 343, 347 (D.P.R. 2019) (quoting Northwest Bypass Grp. v. United States Army Corps. of Eng'rs, 453 F.Supp.2d 333, 338 (D.N.H. 2006)).

**B. Guerrero Orellana v. Moniz Governs Noncitizens like the Petitioner.**

In Guerrero Orellana v. Moniz, 2026 WL 2352042 (Aug. 13, 2026), the First Circuit established that detention of noncitizens who entered the United States without inspection is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A). The First Circuit ruled that those noncitizens who are not "seeking admission" to the United States are not bound by the mandatory detention provisions at § 1225(b)(2)(A), but rather the discretionary detention provisions at § 1226(a). Guerrero Orellana, 2026 WL 2352042, at *1. Importantly, under § 1225(b)(2)(A) and Matter of Yajure Hurtado, 29 I&N Dec. 216, 225 (B.I.A. 2025), noncitizens are not entitled to a bond hearing, while under § 1226(a) noncitizens do have the opportunity for such a hearing. As a result, individuals who are detained under § 1226(a) are entitled to a bond hearing by an immigration judge. *See* Guerrero Orellana, 2026 WL 2352042, at *2, n. 3 (citing Hernandez-Lara v. Lyons, 10 F.4th 19, 27 (1st Cir. 2021)).

Accordingly, as a noncitizen detained while already residing in the United States, Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) and Guerrero Orellana, 2026 WL 2352042, at *1.[1]

[1] Prior to Guerrero Orellana, the undersigned had held that non-citizens present in the United States who have not been inspected by an immigration officer are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Zorrilla-Lora, Civ. No. 26-1041 (RAM) (D.P.R. Feb. 17, 2026) (Docket No. 33).

## III. CONCLUSION

Petitioner has sufficiently met his burden. Accordingly, the Court hereby **GRANTS** Petitioner's *Motion for TRO* at Docket No. 4 and **ORDERS** the following:

1. Respondents shall not transfer Mr. Gonzalez-Dominguez outside of the District of Puerto Rico for the next 14 days.
2. No later than **Tuesday, October 6, 2026, at 6:00 p.m.,** Respondents shall:
    a. Respond to Petitioner's pending *Petition for Writ of Habeas Corpus* and Petitioner's pending *Urgent Motion Requesting Order* at Docket Nos. 1 and 3; and
    b. **SHOW CAUSE** as to why the Court should not grant the habeas petition and issue an order requiring a bond hearing without further proceedings.
3. Petitioners shall notify this order to Respondents no later than **12:00 p.m. on Friday, October 2, 2026.**
4. Petitioners shall post a bond of $100.00 by **5:00 p.m. on Friday, October 2, 2026.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this **29th day of September 2026 at 5:45 p.m.**

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge