**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

KAREN HELEN MARIN HERNANDEZ in representation of Sandro Gonzalez-Dominguez

**Petitioners**

v.

GARRET J. RIPA is Miami Field Office Director for U.S. Immigration and Customs Enforcement, overseen Puerto Rico's Immigration and Removal Operations, ICE Office in GSA Guaynabo Detention Facility; DAVID VENTURELLA in his official capacity, Acting Director for U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Dept. Homeland Security; TODD BLANCHE, United States Attorney General; HECTOR RAMIREZ CARBÓ, Acting US District Attorney for the District of Puerto Rico; CARMEN FIGUEROA, PR Field Office Director for Enforcement and Removal Office, US Immigration and Customs Enforcement; all in their official capacities

**Respondents**

**CIVIL NO.** 26-1624 (RAM)

**MEMORANDUM AND ORDER**

Pending before the Court is Petitioner Sandro Gonzalez-Dominguez's ("Petitioner" or "Mr. Gonzalez-Dominguez") *Emergency Motion Requesting Order to Return Petitioner to Puerto Rico* ("*Emergency Motion for Return*") (Docket No. 9). For the reasons outlined below, the *Emergency Motion* is **GRANTED**.

## I. BACKGROUND

On September 28, 2026, Petitioner filed his *Petition for Writ of Habeas Corpus* ("*Petition*") (Docket No. 1); *Emergency Motion Prohibiting the Transfer of Petitioner from Puerto Rico to Another Jurisdiction* ("*Emergency Motion for Prohibition of Transfer*") (Docket No. 3); and *Emergency Motion for Temporary Restraining Order and Preliminary Injunction* ("*Motion for TRO*") (Docket No. 4). On September 29, 2026, this Court granted Petitioner's *Motion for TRO* and ordered the Respondents to keep Petitioner within the District of Puerto Rico during the duration of the TRO. (Docket Nos. 8 at 6, 10 at 6).

During the pendency of Petitioner's aforementioned motions, Mr. Gonzalez-Dominguez filed his *Emergency Motion for Return*. (Docket No. 9). Therein, Petitioner avers that: (1) counsel for the Petitioner sent written notice to ICE regarding Petitioner's pending *Petition* and express request that Petitioner remain in Puerto Rico; (2) Petitioner was transferred outside of the District of Puerto Rico at an unknown time on September 29, 2026; (3) service of process had commenced prior to Petitioner's transfer; (4) the Court had not yet ruled on the *Motion for TRO* when Petitioner was transferred; and (5) the transfer is a "material intervening event" because the *Petition* had already been filed but the Court's ruling remained pending. Id. at 2-3. At 11:56 a.m. on September 29, 2026, the Immigration court set a bond hearing for

petitioner at 8:30 a.m. on October 1, 2026. Id. at 5. Petitioner's location is currently unknown. Id. at 3.

In his *Emergency Motion for Return*, Petitioner specifically requests that this Court take judicial notice of Petitioner's transfer outside Puerto Rico as a "material intervening fact"; order Respondents to return Petitioner to the District of Puerto Rico and disclose Petitioner's present detention facility and physical location; enjoin Respondents from transferring Petitioner during the pendency of this action absent prior authorization from this Court; and order that Respondents facilitate a bond hearing before the immigration court. Id. at 5-6.

## II. DISCUSSION

"[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) (citing Ex parte Endo, 323 U.S. 283 (1944) as to the "immediate custodian rule"). In Endo, the petitioner filed his habeas petition before he was transferred outside of the District Court's jurisdiction. 323 U.S. at 304-05. In Rumsfeld, however, the petitioner filed his habeas petition *after* the petitioner was transferred, thus causing a loss of jurisdiction for the District Court where the petition was filed. 542 U.S. at 430-32.

The Petitioner here squarely falls in the holding of Ex Parte Endo, not Rumsfeld, as he filed his habeas within the jurisdiction of the District of Puerto Rico prior to his transfer. Endo, 323 U.S. at 304-05. Thus, this Court retains jurisdiction over this matter so long as a Respondent remains within its jurisdiction with legal authority over the Petitioner. Rumsfeld, 542 U.S. at 441. This Court finds that Respondents remain under its jurisdiction.

**III. CONCLUSION**

Accordingly, the Court hereby **GRANTS** Petitioner's *Emergency Motion for Return* at Docket No. 9 and **ORDERS** the following:

1. Respondents, their officers, agents, employees, representatives, and all persons acting in concert with them, shall return Petitioner Sandro Gonzalez-Domingues to the jurisdiction of the District of Puerto Rico, **no later than five (5) calendar days from the date of this Order**;
2. Respondents shall file written notice with the Court, and serve a copy on undersigned counsel for Petitioner, confirming Petitioner's return to Puerto Rico **within twenty-four (24) hours of such return**;
3. Respondents, their officers, agents, employees, representatives, and all persons acting in concert with them, are enjoined from transferring, relocating, or removing Petitioner outside the District of Puerto Rico

during the pendency of this Court's TRO issued at Docket No. 10, absent express prior authorization from this Court; and

4. If Respondents do not timely comply with this Order, Petitioner may seek appropriate relief, including an order directing Respondents to show cause as to why sanctions, including contempt, should not be imposed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this **30th day of September 2026 at 12:05 p.m.**

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge