**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| KAREN HELEN MARIN HERNANDEZ in representation of Sandro Gonzalez-Dominguez<br><br>**Petitioners**<br><br>v.<br><br>GARRET J. RIPA is Miami Field Office Director for U.S. Immigration and Customs Enforcement, overseen Puerto Rico's Immigration and Removal Operations, ICE Office in GSA Guaynabo Detention Facility; DAVID VENTURELLA in his official capacity, Acting Director for U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Dept. Homeland Security; TODD BLANCHE, United States Attorney General; HECTOR RAMIREZ CARBÓ, Acting US District Attorney for the District of Puerto Rico; CARMEN FIGUEROA, PR Field Office Director for Enforcement and Removal Office, US Immigration and Customs Enforcement; all in their official capacities<br><br>**Respondents** | **CIVIL NO.** 26-1624 (RAM) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Sergio González-Domínguez's October 1, 2026, *Motion in Compliance* filed in response to the Court's *Order to Show Cause* of that same date. (Docket Nos. 16 and 18). For the reasons set forth below, the Court **DISMISSES** this action for lack of subject matter jurisdiction as it no longer presents a justiciable case and controversy. Simply

put, Petitioner obtained in immigration court the bond hearing he sought via habeas relief in this court and there is no legally cognizable controversy in this forum at present.

## I. BACKGROUND

In the interest of brevity, the following background is limited to events necessary to understand the current juncture of this action.

On September 28, 2026, Karen Helen Marín Hernández filed the Petition for Habeas Corpus relief on behalf of Sergio González-Dominguez ("Petitioner"). (Docket No. 1). In his *Petition,* Mr. González-Dominguez alleges that: (1) he is a national and citizen of Mexico; (2) on approximately October 15, 1997, he entered the United States without undergoing proper admission procedures; (3) on August 8, 2000, his daughter, Alondra González, a United States citizen, was born in Chicago, Illinois; (4) on December 8, 2006, his other daughter, Izel Nayeli González-Dávila, a United States citizen, was born in San Juan, Puerto Rico; and (5) he has resided in the United States for twenty-nine years. (Docket No. 1 at 5). On September 26, 2026, Petitioner was detained by law-enforcement agents in the interior of Puerto Rico. Id. at 6. Petitioner is currently in the physical custody of Respondents at the Broward Transitional Center. (Docket No. 13 at 3).

Petitioner averred that he is entitled to an Immigration and Nationality Act (INA) § 236 bond hearing before an immigration judge under the laws of the United States Constitution and First Circuit precedent in Hernández-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). Id. at 12. Petitioner requested that this Court prohibit Respondents from transferring him from the detention center in Guaynabo, Puerto Rico outside of the District of Puerto Rico. Id. at 12-13. Petitioner further contended that his detention is a violation of his constitutional rights to due process and is not justified under the INA. Id. at 10-11.

Also on September 28, 2026, the Court set an expedited briefing schedule on the Petition, *Defendant's Emergency Motion for Writ of Habeas Corpus*, and granted a TRO barring González-Dominguez's removal from Puerto Rico. (Docket No. 8). Defendant was removed from Puerto Rico before the Court issued the TRO (Docket No. 9).

On September 30, 2026, and at Petitioner's request, the Court issued a *Memorandum and Order* directing Petitioner's return to Puerto Rico within 5 working days. (Docket Nos. 9 and 11). Respondents then *Moved for Reconsideration* of that Order and represented to the Court that Defendant was transferred to Miami, Florida because Puerto Rico does not have an Immigration Detention Facility. (Docket No. 13 at 3). Respondents further argued that on

September 29, 2026, Petitioner had filed a request for a Bond hearing before the Immigration Court which was granted and scheduled for October 1, 2026. Id.

On October 1, 2026, the bond hearing was held before the Guaynabo Immigration Court pursuant to 8 C.F.R. § 1236. (Docket No. 15-1). Petitioner was granted release subject to payment of a bond in the amount of $7,500. Id.

Also on October 1, 2026, the Court issued the following Order to Show Cause:

> By **close of business on October 2, 2026**, petitioner Sandro Gonzalez-Dominguez shall show cause as to why this action should not be dismissed as moot due to the Order issued by the Immigration Judge releasing Mr. Gonzalez-Dominguez under a bond of $7,500 as a result of today's bond hearing, and a bond hearing was the relief requested in his habeas petition. *See* CM/ECF 1 & 15-1; Arizonans for Official English v. Arizona, 520 U.S. 43, 68 (1997) ("An action is rendered moot when subsequent facts have destroyed the existence of a justiciable controversy or have rendered any possible judicial remedy meaningless."); Vega-Rosado v. Ledezma, 2006 WL 2927322 (D.P.R. Oct. 11, 2006) (Finding section 2254 habeas petition moot because petitioner had been released to a halfway house as requested in his petition); Dy v. Ashcroft, 2004 WL 1834594 (D.R.I. July 12, 2004) (Finding immigration habeas petition moot because petitioner had been released from custody).

That same day, González-Dominguez responded to the Order to Show Cause and requested that the Court maintain in full force and effect the *Memorandum and Order* at Docket No. 11 directing Petitioner’s return to Puerto Rico and decline to treat the pending

habeas proceedings as moot. (Docket No. 17). According to the Petitioner, the record is unclear as to whether the Department of Homeland Security ("DHS") will appeal the Immigration Court's Order of Release before the Board of Immigration Appeals ("BIA"), the *Memorandum and Order* directing Petitioner's return to Puerto Rico is "an independent component of the Court's remedial Order", and it is premature to find this action moot. Id. at 6.

On October 2, 2026, Respondents opposed Petitioner's *Response* to the Order to show cause. (Docket No. 18). They characterized the *Petition* as originally premature and now moot given that Defendant was afforded a bond hearing under 8 U.S.C. § 1226 even if DHS may appeal to the BIA. Id. This Court agrees.

On October 2, 2026, Petitioner filed an unauthorized reply to the Government's *Response* which is devoid of citations to pertinent legal authorities and does not alter the conclusion that the action is moot. (Docket No. 19). It is the Court's understanding that Petitioner has not paid the bond to the Immigration Court. Thus, his continued detention seems to be self-inflicted. Id. at 1 & 8.

## II. APPLICABLE LAW

Limitations on federal judicial power:

"Article III, section 2 of the Constitution of the United States limits the exercise of federal judicial power to actual cases and controversies. U.S. Const. art. III, § 2" In re Financial

Oversight and Management Board for Puerto Rico, 300 F. Supp. 3d, 328, 336 (D.P.R. 2018) (citing Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 239–41 (1937)). Justiciability doctrines such as standing, ripeness, and mootness arise from this constitutional imperative and from prudential considerations. *See* Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 559 U.S. 662 (2010) (ripeness); Gladstone Relators v. Village of Bellwood, 441 U.S. 91, 99 (1979) (standing); Rhode Island Assn. of Realtors, Inc. v. Whitehouse, 199 F.3d 26, 34 (1st Cir. 1999) (mootness). As the First Circuit has stated:

> Mootness is a jurisdictional defect, rooted in Article III case or controversy considerations. Courts cannot, consistent with Article III, wander into the realm of the advisory and the hypothetical. A case is moot when the issues are no longer live or the parties no longer have a legally cognizable interest in the outcome. Another way of putting this is that a case is moot when the court cannot give any "effectual relief" to the potentially prevailing party.

Horizon Bank & Trust Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004) (cleaned up).

## III. DISCUSSION

As noted in the Order to Show Case, Petitioner appeared before this Court seeking a bond hearing under 8 U.S.C. § 1326 or in the alternative an order of release. (Docket No. 16). The Immigration Court granted Petitioner the hearing and an order of release subject to a $7,500 bond. Id. Thus, the Court cannot give

Petitioner any effectual relief and the case is now moot. As stated by the First Circuit:

> What distinguishes mootness is its focus on ongoing events. Even if a justiciable controversy exists when litigation begins, Article III requires a federal court to depart the field if the controversy later abates, that is, if ongoing events have wiped the slate clean or changed the topography so that the court's opinion would be purely advisory.

Rhode Island Assn. of Realtors, Inc. v. Whitehouse, 199 F.3d. at 34.

Additionally, the prospect of DHS's potential appeal to the BIA does not preclude the Court from concluding that it currently lacks subject matter jurisdiction. Respondents conceded that Defendant may be released even if DHS appeals from the Immigration Court. (Docket No. 18 at 3). And in any event, 8 U.S.C. § 1226(e) precludes judicial review.

Lastly, Petitioner has presented no legal authorities for his contention that the interim *Memorandum and Order* directing his return to Puerto Rico is "an independent component of the Court's remedial Order". (Docket No. 17 at 6). Consequently, the argument is waived for lack of developed argumentation even if it were not precluded by 8 U.S.C. § 1226(e). See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (holding that "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving

the court to do counsel's work, create the ossature for the argument, and put flesh on its bones")

## IV. CONCLUSION

As the Supreme Court has stated, under Article III, "federal courts do not adjudicate hypothetical or abstract disputes. Federal courts do not possess a roving commission to publicly opine on every legal question. Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities. And federal courts do not issue advisory opinions." TransUnion LLC v. Ramirez, 594 U.S.C. 413, 432-33 (2021). Petitioner appeared before this Court seeking a bond hearing, the Immigration Court granted it, and appellate review before the BIA is a feature not a bug of the legal framework governing immigration cases. There is no case or controversy fit for resolution by this Court at this time and the action is moot. The action is **DISMISSED** for lack of subject matter jurisdiction.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of October 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE